## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOHN A. FERNICOLA,** *et al.*,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**BOROUGH OF POINT<br>PLEASANT BEACH,** *et al.*,<br><br>    **Defendants.** | **Case No. 22–cv–06971–ESK–SAK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on defendants Borough of Point Pleasant Beach and Paul Kanitra's motion to dismiss (Motion) (ECF No. 70; ECF No. 70–9 (Mov. Br.)) the fourth amended complaint (ECF No. 58 (Fourth Am. Compl.)); and plaintiffs John A. Fernicola, Theresa M. Perrone, World Trade Associates, Inc., and Amethyst International, Inc. having filed an opposition to the Motion (ECF No. 74 (Opp'n Br.)); and defendants having filed a reply in further support of the Motion (ECF No. 75); and the Court finding,

1.    On April 30, 2025, I issued an opinion (Opinion) (ECF No. 56 (Op.))[1] and order (Order) (ECF No. 57 (Order)) dismissing the third amended complaint (ECF No. 27 (Third Am. Compl.)) for lack of subject matter jurisdiction. With leave, plaintiffs filed a fourth amended complaint on May 30, 2025 in an attempt to correct the deficiencies. (Order ¶ 3; Fourth Am. Compl.) On July 29, 2025, defendants filed the Motion, arguing that because the fourth amended complaint fails to remedy the defects identified in the Opinion, this action should be dismissed. (*See generally* Mov. Br.) I agree.

2.    I begin by noting that plaintiffs amended their federal claims beyond the scope of the Opinion.[2] (Mov. Br. pp. 27–28; *see* Order ¶ 3.) The federal

---

[1] Because I write for the parties who are intimately familiar with this action, I do not provide a detailed background. I incorporate by reference the factual overview and procedural history included in the Opinion (Op. pp. 1–4) and Judge Rukhsanah L. Singh's opinion and order, dated November 20, 2023 (ECF No. 26 pp. 1–4).

[2] The Opinion only addressed counts three through six of the third amended complaint, wherein plaintiffs asserted the following claims: (1) count three, violation of the equal protection clause; (2) count four, violation of substantive due process; (3)

claims in the third amended complaint were based largely on defendants' alleged illegitimate objective to pass the now-repealed ordinance authorizing the condemnation of plaintiffs' property (Ordinance).   (*See generally* Op. pp. 5–13.)   Because the Ordinance was repealed before any condemnation took place, I determined that plaintiffs did not have Article III standing to pursue these claims, which also failed on the merits.   (*Id.* pp. 5–16.)   Plaintiffs were granted leave to file an amended complaint but were advised that if they sought "to amend the third amended complaint beyond the scope of the … [O]pinion, [they] must file a motion for leave to amend."   (Order ¶ 3.)   In violation of the Order, plaintiffs raise new federal constitutional claims based on defendants alleged misapplication of Executive Order 106 (EO 106).[3]   Plaintiffs allege that in violation of their right to enjoy their property, defendants unlawfully advised plaintiffs' patrons that they did not have to pay or leave plaintiffs' property. (Fourth Am. Compl. ¶¶ 113–118.)   Because these facts were neither raised in the third amended complaint nor addressed in the Opinion, plaintiffs' federal claims premised on EO 106 are not properly before the Court.[4]

3.    As to Article III standing for the federal claims, plaintiffs were warned that their "conclusory statement in the [third amended] [c]omplaint that '[p]laintiffs have suffered and continue to suffer damages from [d]efendants' unlawful conduct" was insufficient to assess what injury they sustained.   (Op. p. 8.)   Plaintiffs attempt to cure this deficiency by alleging that:

> As a result of [d]efendants' illegal acts … [of] unlawfully telling guests that they could stay and did not have to pay, publishing the false [p]ress [r]elease, and passing the illegal [o]rdinance, [p]laintiffs:

---

count five, violation of the New Jersey Constitution; and (4) count six, conspiracy to deprive plaintiffs of their civil rights.   (Third Am. Compl. pp. 26–40.)   The remaining five counts were all state law claims, which, to avoid providing an advisory opinion, were not addressed in the Opinion.   (Op. pp. 16, 17.)   The fourth amended complaint no longer raises a separate count for conspiracy to deprive plaintiffs of their civil rights. (*See generally* Fourth Am. Compl.)   Plaintiffs' equal protection, count three, and substantive due process, count four, claims are the only federal claims asserted in the fourth amended complaint.   (*Id.* ¶¶ 108–142.)

[3] On March 19, 2020, the governor of New Jersey issued EO 106 to protect residential tenants and homeowners from eviction and foreclosure proceedings.   EO 106 did not apply to "any hotel, motel, or other guest house, or part thereof, rented to a transient guest or seasonal tenant, or a residential health care facility."

[4] EO 106 was referenced only twice in the third amended complaint.   (Third Am. Compl. ¶ 26)

2

(1) suffered damages to their reputation because paying guests did not want to stay at [the motel] and deal with problematic patrons; (2) suffered financial harm in the form of lost [m]otel revenue that [p]laintiffs should (and would) have received from guests who stayed at the [m]otel, refused to pay, and incurred the [m]otel charges; (3) suffered additional financial harm in the form of lost [m]otel fees, [motel] parking fees, [m]otel room rental income, [m]otel operating income, and [m]otel restaurant income; and (4) were coerced into cancelling their Ocean County Board of Social Services resulting in lost motel income from 2022 through 2023.

(Fourth Am. Compl. ¶¶ 126, 141; *see* Opp'n Br. p. 19 (opposing defendants' lack of standing argument in the Motion by pointing to this paragraph of the fourth amended complaint).)   Plaintiffs insist that "[a]s a result of [d]efendants' unlawful conduct, [they] have suffered, and will continue to suffer damages, as well as harm to their reputation, humiliation, mental anguish and suffering." (Fourth Am. Compl. ¶¶ 129, 142.)   Plaintiffs rely primarily on their newly asserted facts related to EO 106 to establish standing.   But such facts cannot be considered.   *See supra* ¶ 2.   To the extent, plaintiffs continue to seek relief for the Ordinance and false press release, my analysis from the Opinion remains unchanged.   (*See* Op. pp. 5–8.)   Since plaintiffs' property was never condemned, plaintiffs suffered no recoverable injury from the passing of the Ordinance.   (*Id.*)   Furthermore, plaintiffs fail to sufficiently allege that as a result of the false press release, they suffered an injury beyond a financial and reputational harm.   (*Id.* pp. 10–12.)   Thus, the federal claims in the fourth amended complaint cannot survive a Federal Rule of Civil Procedure (Rule) 12(b)(1) analysis.[5]

4.     Assuming *arguendo* that the EO 106 facts were properly included in the fourth amended complaint, standing may have been satisfied.   But, federal claims would still fail on the merits.   The fourth amended complaint fails to

---

[5] Since plaintiffs lack standing to pursue their federal claims, the Rule 12(b)(6) aspect of the Motion as to their claims need not be addressed.   *See Hoffman v. Nordic Naturals, Inc.*, 837 F. 3d 272, 277 (3d Cir. 2016) ("[A] federal court may not rule on the merits of an action without first ascertaining whether it has subject matter jurisdiction."); *Rothman v. New Jersey*, Case No. 19–13011, 2020 WL 409757, at *2 (D.N.J. Jan. 24, 2024) (declining to reach the merits of the plaintiff's claims in considering a motion to dismiss for lack of subject matter jurisdiction).

plead a cognizable class of one claim or a liberty interest worthy of substantive due process protection.   (*Id.* pp. 9–12.)

5.      Having found that plaintiffs do not have standing to bring their constitutional claims, the Court does not have subject matter jurisdiction over this action.   The remaining claims are state law claims, over which I decline to exercise supplemental jurisdiction.   *See* 28 U.S.C. §1367(c)(3).   "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction."   *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too").   A court "*must* decline" to exercise of supplemental jurisdiction in cases in which all original jurisdiction claims have been dismissed "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."   *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).   None of these considerations warrant exercising jurisdiction over the state law claims.

6.      Despite plaintiffs requesting leave to amend again (Opp'n Br. p. 37), I find that such an opportunity is unwarranted.   *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a court may consider a party's "repeated failure to cure deficiencies by amendments previously allowed" when considering whether to allow the party another opportunity to amend its pleadings); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (holding that while plaintiffs should be provided the opportunity to amend their complaint "when justice so requires," courts have the discretion to deny such an opportunity when the record demonstrates undue delay, bad faith, dilatory motive, prejudice, and futility).   Plaintiffs have repeatedly failed to cure their pleading deficiencies.

Accordingly,

**IT IS** on this   **31st** day of **March 2026**   **ORDERED** that:

1.      The Motion (ECF No. 63) is **GRANTED** as to the federal claims. counts three and four are **dismissed**.   Supplemental jurisdiction shall not be exercised as to counts one, two, five, six, seven, and eight.

2.      The fourth amended complaint is **dismissed** for lack of subject of subject matter jurisdiction.

3.      Plaintiffs may reinstate the claims in the appropriate state court within 30 days of entry of this order unless state law provides for a longer tolling period.   *See* 28 U.S.C. § 1367(d).

4.      The Clerk of the Court shall **close** this action.


        /s/ Edward S. Kiel
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**